Filed 11/12/15  P. v. Kahananui CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LEINA KAHANANUI,<br><br>    Defendant and Appellant. | D067402<br><br><br>(Super. Ct. No. SCE340021) |


APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.


Alissa Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Leina Kahananui appeals from the judgment following her guilty plea to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and the denial of her motion to withdraw her guilty plea.  Appointed appellate counsel filed a brief

presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Kahananui has not responded to our invitation to file a supplemental brief. After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Investigating a theft of a wallet that occurred at a casino, a sheriff's deputy obtained information that the suspect left the casino with Kahananui in her vehicle. The deputy arrived at Kahananui's residence and spoke with Kahananui's grandmother, who lived in the front duplex at the property. The grandmother stated that Kahananui and her boyfriend lived in the back duplex. Kahananui arrived and spoke with the deputy. As requested by the deputy, Kahananui retrieved her identification from inside the back portion of the duplex, where she resided, and brought out her boyfriend, Jason Banks, whom the deputy erroneously believed might be the suspect who took the wallet.

The deputy then told Kahananui that he was looking for the person who was with her at the casino and took a wallet. Kahananui yelled and became hysterical. According to the deputy, Kahananui stated, "Hell, no. I am not taking any part in that. I am going to kill him. He is in there. You can go get him," pointing inside her residence. Deputies detained Kahananui and Banks in the patrol car and searched the residence for the suspect, whom they found in a shed. In the course of the search for the suspect, deputies saw evidence of drugs under a bed. The deputies performed a records check on

2

Kahananui and Banks, and found out that Banks had a valid Fourth Amendment waiver, allowing them to conduct a warrantless search of his residence. The deputies then searched the residence more fully and found 130 grams of marijuana and 74 grams of methamphetamine, along with narcotic pills and other drug paraphernalia.

After a preliminary examination in which the court found insufficient evidence to proceed against Kahananui on charges related to the narcotic pills, an information was filed alleging in count 1 that Kahananui possessed methamphetamine for sale (Health & Saf. Code, § 11378) and in count 2 that Kahananui possessed marijuana for sale (*id*., § 11359).

On August 22, 2014, the trial court heard a motion by Kahananui to suppress the evidence obtained as a result of the search of her residence on the ground that the search was unconstitutional. Kahananui testified at the suppression hearing, claiming that Banks lived in the front portion of the duplex with her grandmother, rather than in the back portion of the duplex with her, and that she did not tell the deputy to search for the suspect in the residence, as he claimed, but instead, she told the deputy that she would go into the residence and get the suspect. The trial court denied the suppression motion.

On August 25, 2014, Kahananui pled guilty to possessing methamphetamine for sale (Health & Saf. Code, § 11378), with the People agreeing to dismiss the count alleging Kahananui possessed marijuana for sale and also to dismiss a different misdemeanor case. On the guilty plea form, Kahananui agreed to give up her right to appeal the denial of her suppression motion.

3

On November 25, 2014, Kahananui filed a motion to withdraw her guilty plea on the ground that she did not understand that she was giving up her right to appeal the denial of her suppression motion. On December 16, 2014, the trial court denied the motion to withdraw the guilty plea, finding that Kahananui knowingly, voluntarily and intelligently waived her rights.

At the subsequent sentencing hearing, the trial court suspended the imposition of sentence and placed Kahananui on three years' formal probation. As relevant here, the conditions of probation included a condition to "[p]articipate and comply with any assessment program if directed by the [Probation Officer]" and to "[h]ave no contact with the co-defendant(s)[:] Bank[s], Jason."

Kahananui filed a notice of appeal along with a request for a certificate of probable cause, which the trial court issued.

## II

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as possible but not arguable issues: (1) the validity of Kahananui's waiver of her right to appeal the denial of her motion to suppress; (2) whether the trial court abused its discretion in denying Kahananui's motion to withdraw her guilty plea; (3) whether the trial court erred in denying Kahananui's motion to suppress evidence, including several subissues regarding

4

the merits of that motion; (4) whether Kahananui's guilty plea was constitutionally valid; (5) whether there was a factual basis for Kahananui's guilty plea; and (6) whether the trial court erred in imposing the conditions of probation requiring Kahananui to "[p]articipate and comply with any assessment program if directed by the [Probation Officer]" and to "[h]ave no contact with the co-defendant(s)[:]  Bank[s], Jason."

After we received counsel's brief, we gave Kahananui an opportunity to file a supplemental brief, but Kahananui did not respond.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, disclosed no reasonably arguable appellate issue.  Kahananui has been adequately represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:


McCONNELL, P. J.


PRAGER, J.[*]

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5